NSK Ltd. and NSK Corp, plaintiffs *v.* United States, defendant, and Timken Co., defendant-intervenor

Court No. 92–03–00157

(Dated June 1, 1993)

*Coudert Brothers (Robert A. Lipstein, Matthew P. Jaffe* and *Nathan V. Holt)* for plaintiffs.
*Stuart E. Schiffer,* Acting Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Velta A. Melnbrencis);* of counsel: *Joan L. MacKenzie,* Attorney-Advisor, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for defendant.
*Stewart and Stewart (Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., William A. Fennell* and *Christopher J. Callahan)* for defendant-intervenor.

## OPINION

Tsoucalas, *Judge:* Plaintiffs, NSK Ltd. and NSK Corporation ("NSK"), move pursuant to Rule 56.1 of the Rules of this Court for judgment on the agency record to contest clerical errors made by the United States Department of Commerce, International Trade Administration ("Commerce"), in *Tapered Roller Bearings, and Parts Thereof, Finished and Unfinished, From Japan; Final Results of Antidumping Duty Administrative Review* ("Final Results"), 57 Fed. Reg. 4960 (1992).

On August 14, 1991, Commerce published the preliminary results of the administrative review and estimated an antidumping duty margin of 4.09% for NSK for the period from October 1, 1989 through September 30, 1990. *Tapered Roller Bearings and Parts Thereof, Finished and Unfinished, from Japan; Preliminary Results of Antidumping Duty Administrative Review,* 56 Fed. Reg. 40,307 (1991). Commerce thereafter published its final results on February 11, 1992 establishing the same antidumping duty margin. *Final Results,* 57 Fed. Reg. 4960.

On February 20, 1992, NSK met with Commerce's case analysts to review the final determination. NSK subsequently submitted a letter, dated February 26, 1992, to Commerce which identified two clerical errors in Commerce's final determination. *See* Doc. (Pub.) 165. The first error resulted in the comparison of dissimilar merchandise in Commerce's computer program. Commerce intended to match cups of TRBs to cups, and cones of TRBs to cones. Instead the computer matched cups to cups *or* cones.

The second clerical error involved Commerce's selection of best information available ("BIA") used in estimating the foreign market value of certain home market sales. In assigning BIA values to certain home market sales of other respondent companies, Commerce intended to use the margin for the company with the highest calculated margin of sales at less than fair value. Instead Commerce used the preliminary rate for NTN's sales to Caterpillar (63.68%).

On March 16, 1992, Commerce published an amended final determination correcting these two clerical errors. *Tapered Roller Bearings and Parts Thereof, Finished and Unfinished, From Japan; Amendment to Final Results of Antidumping Duty Administrative Review,* 57 Fed. Reg. 9104 (1992). As a result of these corrections, NSK's dumping margin was reduced to 1.52%. NSK now seeks a remand to Commerce for correction of these two clerical errors "only if the court determines * * * that the corrections published in the amended final determination are invalid." *Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Judgment on the Agency Record* at 6.

It is well-established that an "actual controversy must exist at stages of appellate or certiorari review, and not simply at the date the action is initiated." *See Roe v. Wade,* 410 U.S. 113, 125 (1973): *see also SEC v. Medical Comm. for Human Rights,* 404 U.S. 403, 407 (1972).

In this case, the errors alleged by NSK were corrected by Commerce in its amended final determination. Therefore, a "controversy" no longer exists and the issues in this case are moot. As far as this Court is concerned, the corrections made by Commerce in its amended final determination are hereby affirmed and a remand is not necessary.

## CONCLUSION

In accordance with the foregoing opinion, plaintiffs' motion for judgment on the agency record is denied as Commerce has already corrected the errors in question. Furthermore, since no issues remain in this action, this case is hereby dismissed.